**Renée Rothauge, OSB # 903712**
reneerothauge@markowitzherbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Ave., Suite 3000
Portland, OR 97204
Telephone: (503) 295-3085
Facsimile: (503) 323-9105

**Christopher S. Marchese** (*pro hac vice pending*)
marchese@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*Attorneys for Defendants Rohde & Schwarz USA,*
*Inc.; Rohde & Schwarz GmbH & Co. KG; and*
*Rohde & Schwarz Vertriebs GmbH*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT COURT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **TEKTRONIX, INC.,** an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ROHDE & SCHWARZ USA, INC.,** a Delaware corporation; **ROHDE & SCHWARZ GMBH & CO. KG**, a foreign entity; and **ROHDE & SCHWARZ VERTRIEBS GMBH**, a foreign entity<br><br>Defendants. | Case No. 3:18-cv-00264-HZ<br><br>**DEFENDANTS ROHDE & SCHWARZ GMBH & CO. KG, ROHDE & SCHWARZ VERTRIEBS GMBH, AND ROHDE & SCHWARZ USA, INC.'S UNOPPOSED STIPULATED MOTION FOR MANDATORY STAY OF PROCEEDINGS PURSUANT TO 28 U.S.C. §1659**<br><br>Hon. Marco A. Hernández |

**Page 1 – DEFENDANTS' UNOPPOSED STIPULATED MOTION FOR MANDATORY STAY OF PROCEEDINGS PURSUANT TO 28 U.S.C. §1659**

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a), counsel for Defendants Rohde & Schwarz USA, Inc.; Rohde & Schwarz GmbH & Co. KG; and Rohde & Schwarz Vertriebs GmbH and Plaintiff Tektronix, Inc. have conferred regarding the matters herein and Plaintiff does not object to the request for relief sought below.

**I.    INTRODUCTION**

Defendants Rohde & Schwarz USA, Inc. ("R&S USA"), Rohde & Schwarz Vertriebs GmbH ("R&S Sales") and Rohde & Schwarz GmbH & Co. KG ("R&S Germany") (collectively "R&S" or "Defendants") respectfully move the Court for a stay of this action pursuant to the mandatory stay provisions of 28 U.S.C. § 1659(a).[1]

On February 9, 2018, Plaintiff Tektronix, Inc. ("Tektronix") filed its Complaint alleging infringement by R&S of United States Patent No. 8,521,460 (the "'460 Patent") and United States Patent No. 8,675,719 (the "'719 Patent") (collectively, "the Asserted Patents"). *See* Dkt. No. 1 (District Court Complaint). On the same day, Tektronix also filed a Complaint under section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), at the United States International Trade Commission ("ITC" or "Commission"), requesting that the ITC institute and conduct an investigation into an alleged violation of section 337 by R&S through the importation of articles that are alleged to infringe the same two patents asserted by Tektronix in this case. *See* Ex. A (ITC Complaint).

---

[1] R&S submits the present motion to stay at this time because of the statutory requirement to file a stay request within 30 days of being named as a respondent in the related ITC proceeding, or within 30 days of the filing of this action, whichever is later. *See* 28 U.S.C. § 1659(a). By virtue of this motion, none of the Defendants waives any procedural rights, or any defenses they may be permitted to raise under Rule 12 of the Federal Rules of Civil Procedure, or otherwise, including, but not limited to, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. Rather, each of the Defendants expressly reserves the right to raise all defenses available, including but not limited to, any defenses under Rule 12, if and when any or all of the Defendants respond to the Complaint in this action.

**Page 2 – DEFENDANTS' UNOPPOSED STIPULATED MOTION FOR MANDATORY STAY OF PROCEEDINGS PURSUANT TO 28 U.S.C. §1659**

On March 13, 2018, the Commission voted to institute an investigation entitled *In the Matter of Certain Multi-Domain Test and Measurement Instruments*, ITC Investigation No. 337-TA-1104 (the "1104 Investigation"), naming R&S Germany, R&S Sales, and R&S USA as Respondents. *See* Ex. B (Notice of Investigation). The Notice of Investigation directs the institution and conduct of an investigation into, inter alia, whether R&S infringes certain claims of the Asserted Patents. *See id.*

In particular, the 1104 Investigation will determine whether there is a violation of Section 337 in the alleged sale for importation, importation into the United States, and/or sale within the United States after importation of multi-domain test and measurement instruments by reason of infringement of certain claims of the Asserted Patents. The two patents at issue in the 1104 Investigation are exactly the same as the patents at issue in this action. *Compare* Dkt. No. 1 *with* Ex. A.

On March 29, 2018, counsel for R&S inquired whether Tektronix would oppose this motion. On March 30, 2018, Tektronix's counsel responded that Tektronix would not oppose this motion to stay.

## II.   ARGUMENT

This Action is subject to the mandatory stay provision of 28 U.S.C. §1659 and should be stayed until the conclusion of the 1104 Investigation, including exhaustion of all appeals. Specifically, section 1659(a) of Title 28 provides:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the

> proceeding before the Commission, but only if such request is made within—(1) 30 days after the party is named as a respondent in the proceeding before the Commission . . . .

28 U.S.C. § 1659(a) (Supp. 1998) 28 U.S.C. § 1659(a).  Thus, section 1659(a) requires a stay of district court proceedings until the ITC proceedings involving the same issues are no longer subject to judicial review.  *See In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007); *FormFactor, Inc. v. Micronics Japan Co.*, Case No. CV-06-07159, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) (In circumstances where 28 U.S.C. § 1659 applies, "a court must stay a civil action in favor of ITC proceedings."); *Micron Tech., Inc. v. Mosel Vitelic Corp.*, Case No. CIV-98-0293, 1999 WL 458168, *2 (D. Idaho Mar. 31, 1999) ("[T]he Court is statutorily required to stay" those claims that are also before the ITC where the ITC respondent timely moved to stay the district court action.); *Universal Tool & Stamping Co. v. Ventra Group, Inc.*, 46 U.S.P.Q.2d 1799, 1800 (N.D. Ind. 1998) (stating that "such a stay (again in the words of the statute) shall be of the 'proceedings in the civil action' and hence the Court will not fashion an exemption to the stay by requiring the defendant to file an answer or make any order relating to discovery").

R&S's request for a stay meets the requirements of 28 U.S.C. §1659(a).  First, Tektronix's allegations in this Action involve the same issues as those in the 1104 Investigation: R&S's alleged infringement of the Asserted Patents, the validity and enforceability of the Asserted Patents, and any other defenses that might be raised to Tektronix's allegations of infringement.  Indeed, there is complete overlap between the parties and patents at issue in the instant action and the 1104 ITC Investigation. *Compare* Dkt. No. 1 (Complaint) Counts I and II *with* Ex. A.  Accordingly, Counts I and II of Tektronix's Complaint in this Action are claims that "involve[] the same issues involved in the proceeding before the Commission," and must be stayed under section 1659(a).  28 U.S.C. § 1659(a).  *See Creative Kingdom, LLC v. Nintendo*

*Co.*, No. CV-11-656-HU, 2011 WL 12872444, at *1 (D. Or. June 6, 2011) (granting unopposed motion to stay under 28 U.S.C. § 1659(a) where "the ITC proceeding involves the same claims and Patents–in–Suit as this civil action.").

Second, R&S's request for a stay is timely. The Commission issued its Notice of Investigation, thereby instituting the investigation naming R&S Germany, R&S Sales, and R&S USA as Respondents, on March 13, 2018. Ex. A. Thus, the thirty-day period under 28 U.S.C. §1659(a)(1) for R&S to request a stay does not expire until April 12 2018, making this request for a stay timely.

This motion is purely procedural and does not waive Defendants' rights to petition this Court regarding jurisdiction, or any other relief due under the law. *See Creative Kingdom,* 2011 WL 12872444, at *1 (ordering "that all proceedings, including the time period for defendants to answer, move, or otherwise respond to the complaint, shall be stayed until the determination of the ITC, including any appeals therefrom, becomes final."); *Hideki Elecs. v. Lacrosse Tech.*, 2006 U.S. Dist. LEXIS 42296 (D. Or. June 5, 2006) (after court lifted stay under 28 U.S.C. § 1659, defendants successfully moved for dismissal pursuant to FRCP 12(b) for lack of jurisdiction); *see also supra* note 1.

Because R&S has filed this Motion in a timely manner in accordance with 28 U.S.C. §1659, R&S respectfully requests that the Court immediately stay this action pending a final determination by the ITC in the 1104 Investigation.

### III.  CONCLUSION

For the foregoing reasons, R&S respectfully requests this Court to grant its motion to stay these proceedings until the determination in ITC Inv. No. 337-TA-1104 becomes final.

DATED this 30th day of March, 2018.

MARKOWITZ HERBOLD PC

By:  */s/ Renée E. Rothauge*
Renée E. Rothauge, OSB #903712
(503) 295-3085

FISH & RICHARDSON PC
Christopher S. Marchese (*pro hac vice pending*)
marchese@fr.com

*Attorneys for Defendants Rohde & Schwarz USA, Inc., Rohde & Schwarz GmbH & Co. KG, and Rohde & Schwarz Vertriebs GmbH*

713523